IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 10–cv–00862–JLK–KMT

CARA RUSSELL,

    Plaintiff,

v.

TOWN OF BUENA VISTA, COLORADO,
KEITH BAKER,
JOEL BENSON,
MARK BOSTON,
ROBERT FLINT, and
BRETT MITCHELL,

    Defendants.

---

# ORDER

---

This matter is before the court on "Defendants' Motion to Stay Discovery Based on the Defense of Immunity." (Doc. No. 19.) Defendants request a stay of discovery and other deadlines pending a ruling on their Motion for Summary Judgment (Doc. No. 20) in which they assert legislative and quasi-judicial immunity. The motion to stay is unopposed.

Immunity provisions, whether qualified, absolute or pursuant to the Eleventh Amendment, are meant to free officials from the concerns of litigation, including avoidance of disruptive discovery. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1953 (2009) (citing *Siegert v. Gilley*, 500 U.S. 226, 236 (1991) (Kennedy, J., concurring in judgment)); *see also Workman v.*

*Jordan*, 958 F.2d 332, 335 (10th Cir.1992) (noting that qualified immunity, if successful, protects official both from liability and the ordinary burdens of litigation, including far-ranging discovery). As explained by the Court in *Iqbal*, there are serious and legitimate reasons for this protection:

> If a Government official is to devote time to his or her duties, and to the formulation of sound and responsible policies, it is counterproductive to require the substantial diversion that is attendant to participating in litigation and making informed decisions as to how it should proceed. Litigation, though necessary to ensure that officials comply with the law, exacts heavy costs in terms of efficiency and expenditure of valuable time and resources that might otherwise be directed to the proper execution of the work of the Government. The costs of diversion are only magnified when Government officials are charged with responding to [the burdens of litigation discovery].

*Id.* at 1953.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02-CV-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006) (unpublished). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(a).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

Indeed, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040, 198 (3d ed. 2010); *see also Vivid Techs., Inc. v.. Am. Sci. & Eng'r, Inc.*, 200 F.3d 795, 804 (Fed. Cir.1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved.").

A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419-PSF-BNB, 2007 WL 683973, at*2 (D. Colo. Mar. 2, 2007) (unpublished). Nevertheless, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003). When considering a stay of discovery, the court may consider and weigh: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987) (unpublished) (citing cases).

Plaintiff does not oppose a stay of discovery and other case deadlines pending a ruling on Defendants' Motion for Summary Judgment. (Doc. No. 19 at 2.) Therefore, any prejudice to the plaintiff resulting from the stay does not weigh heavily in this court's analysis. Defendants

claim that the legislative and quasi-judicial immunities they assert would provide them with absolute immunity. They argue, therefore, that they should not be subjected to the demands of discovery. (*Id.* at 2-3.) Plaintiff does not dispute this.

Defendants also urge that a stay of discovery would "conserve time, resources, and effort of the court and all parties involved, and it would help focus the case issues" because, if the summary judgment motion is granted, "there will be no need for discovery as to the claims against the individual Defendants, and discovery can focus on the municipal liability claim remaining against the Town of Buena Vista." (*Id.* at 4.) There is no indication that granting a stay will inconvenience the court or prejudice the interests of persons not parties to this action.

Balancing these factors in light of Plaintiff's concurrence with Defendants' request for a stay, the court finds that a stay of discovery and other deadlines is appropriate in this case.

Therefore, it is **ORDERED** that

"Defendants' Motion to Stay Discovery Based on the Defense of Immunity" (Doc. No. 19) is **GRANTED**; all discovery in this matter is hereby **STAYED** pending ruling on Defendants' Motion for Summary Judgment.

Dated this 24th day of August , 2010.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge