IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **10-cv-862-JLK-KMT**

**CARA RUSSELL,**

Plaintiff,

v.

**TOWN OF BUENA VISTA, COLORADO,**
**KEITH BAKER,**
**JOEL BENSON,**
**MARK BOSTON,**
**ROBERT FLINT, and**
**BRETT MITCHELL,**

Defendant.

---

**ORDER**

---

Kane, J.

Upon further review of the Magistrate Judge's Recommendation (Doc. 32) and the

parties' briefing on the immunity issues raised to date, and on my own Motion, I

VACATE the January 24, 2011, Minute Order (Doc. 34) granting the parties' stipulation

for an extension of time to file Objections to the Recommendation, and STAY the time

for filing such Objections until further notice.  I will set this matter for a Status

Conference, at which time I intend to address the following:

I am concerned the quasi-judicial and legislative immunity defenses to Plaintiff's

42 U.S.C. § 1983 First Amendment deprivation claims that the Trustee Defendants raised,

and which were the subject of the Recommendation, are misplaced, and that the Trustees'

amenability to suit in their individual capacities, if at all, is more appropriately analyzed

under the qualified immunity principles set forth in *Anderson v. Creighton*, 483 U.S. 635

(1987).

I note that in the briefing to date, all focus has been on the Trustees' collective

As an initial matter, and to the extent the individual Defendants' ability to act to

recall the Town's mayor exists solely in their "official" capacity as members of the Board

of Trustees, it is not clear that there is any basis for suit against them in their individual

capacities separate and apart from Plaintiff's suit against the municipality itself.  Even if

these Defendants are properly named in their individual capacities, moreover, then the

question is not whether they are immune from suit for actions taken in their "quasi-

judicial" or "legislative" capacities under state or local law to remove Plaintiff as mayor

(which effort they ultimately abandoned), but whether they are immune from suit for

voting to remove Plaintiff from office in violation of, or retaliation for exercising, her

First Amendment right to speak on matters of public concern.  The latter are the acts on

which federal jurisdiction is based, and the question of the individual Trustees' immunity

from suit is one for resolution under *Anderson* and its progeny.  That is, taken in the light

most favorable to Plaintiff, do the facts alleged as to each individual Trustee plausibly

demonstrate that the Trustee deprived Plaintiff of her First Amendment rights and, if so,

was an action for that deprivation clearly established at the time that Trustee acted?  *See*

*Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009).

I note that in the briefing to date, all focus has been on the Trustees' collective

privilege to remove, or immunity from suit for removing, Plaintiff from her position as

mayor of the Town of Buena Vista.  The question of whether these Defendants' actions

give rise to a viable First Amendment claim under § 1983 has been largely ignored.

While I may consider the two parts of the *Bowling* test for qualified immunity in the

sequence I deem best "in light of the circumstances in the particular case at hand," 584

F.3d at 964 (quoting *Pearson v. Callahan*, 555 U.S. 223, __, 129 S. Ct. 808, 818 (2009)),

any briefing on the qualified immunity issue will require the parties to address both.  I say

this not because I have made any pre-determination as to the viability of Plaintiff's

individual capacity § 1983 claims under a Rule 12(b)(6) or 12(c) standard, but because

the discussion will aid in any further analysis, if necessary, of the clearly established

prong of the inquiry.

Based on the foregoing, this matter IS SET for a STATUS CONFERENCE at

11:00 a.m. on February 11, 2011, in Courtroom A-802 of the Arraj U.S. District

Courthouse, 901 19ᵗʰ St., Denver, Colorado, 80294.  The parties are ORDERED to confer

in anticipation of that Conference on the issues raised, and submit a JOINT STATUS

REPORT on the results of their discussions on or before 9:00 a.m. on February 10, 2011.

In this Status Report, Plaintiff shall clarify whether she is pursuing her claims against the

Town Trustees in their individual and/or official capacities (official capacity claims

would be redundant of the municipal liability claim already asserted against the Town

itself),[1] and the parties should state whether a further referral to a magistrate judge for

---

[1]    A suit against a municipality and a suit against a municipal official acting in his or her
official capacity are the same. *See Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 695 (10ᵗʰ Cir.
1988)(citing *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985) and *Monell v. Department of Social*

settlement may be in order.  Such referral would be to a different magistrate judge, based

on Magistrate Judge Tafoya's work on the merits of the claims and defenses to date.  I

note that in the absence of any individual liability claims against the Town Trustees, this

case would be ready for a Scheduling Conference on Plaintiff's § 1983 claims under

*Monell*.

Dated:  January 27, 2011.                                     **s/John L. Kane**
                                                                     SENIOR U.S. DISTRICT JUDGE

---

*Servs.*, 436 U.S. 658, 690 n. 55 (1978)).